On Rehearing
HARDY, Judge.
Applications for rehearing were filed by both parties to this suit and a rehearing was granted, without limitation or restriction, which action permits us to examine the merits of both applications.
The principal contention on the part of counsel for defendant relates to the asserted value of gravel deposits on the tracts of land involved. It is appropriate to observe that this issue was not urged before the court on original hearing, but inasmuch as the record contains testimony bearing upon the existence and value of gravel deposits,, we have no disposition to prejudice the landowner’s claim in this respect by resort to a technicality.
Two witnesses for plaintiff testified as to the nature and value of the gravel deposits upon the 39.31 acres of land actually taken by plaintiff as the expropriating authority. Mr. Harold B. Barrett, Area Superintendent for Gifford-Hill & Company, Inc., engaged in the sand and gravel business, testified that he conducted the sinking of two test holes *582 on the property of defendant involved in this action, which tests disclosed the presence of gravel of commercial quality. The gravel deposits in the two holes varied from six feet to four feet and the witness estimated the value of these deposits at $600.00 per acre.
Mr. Edward Kennon, a contractor who had been engaged in the sand and gravel business, also testified on behalf of defendant and estimated the value of the deposits at $952.00 per acre.
We have no means of reconciling the variation in the above estimates of value, but after close examination we are confirmed in the conclusion that Mr. Barrett’s opinion is more authoritative. This witness was especially qualified to express an opinion as to the character, nature, extent and value of the deposits and his conclusions were supported by detailed testimony as to his method of their determination. Summing up this evaluation, it was his opinion that the recoverable amount of gravel would average approximately 4,000 cubic yards per acre, which, upon a royalty basis of fifteen cents per cubic yard, would justify his ultimate evaluation of $600.00 per acre.
Since our original opinion fixed the value of the 39.31 acres actually taken at $600.00 per acre, we cannot find that there is any ground for an increase thereof because of the existence of gravel deposits. The mining of the gravel lying beneath an overburden of five to seven feet would effectively destroy the value of the property for any other purpose. It necessarily follows that the valuation fixed in our original opinion should not be disturbed.
It is further contended on behalf of defendant that the existence of gravel deposits on the 28.8 acres of land rendered inaccessible should be considered in fixing the severance damages allowed therefor. In this connection, we observe that we erred in our original opinion, by reason of a misinterpretation of the judgment of the lower court, and the severance damages which we allowed in the amount of $6,969.00 should be increased to the sum of $9,000.00, which was the sum allowed by the district court. It should be noted that the defendant neither appealed nor answered the appeal taken by plaintiff from the judgment of the district court, and it is questionable, therefore, if he can be heard at this time to urge an increase in the amount of severance damages. However this may be, reference to counsel’s brief in support of the application for rehearing discloses that after pointing out the error of this court in fixing the sum of $6,969.00 rather than the amount of $9,000.-00 actually allowed by the district judge for severance damage, counsel made the statement that the allowance of $9,000.00 as severance damage to the 28.8 acres rendered inaccessible would certainly not be out of line.
The application for rehearing filed on behalf of plaintiff prays for a specific award of interest upon the amount deposited by plaintiff and withdrawn by the defendant over and above the lesser amount awarded by the judgment of this court. We perceive no necessity for entering into a detailed consideration of an accounting between the parties with respect to the reconciliation of the allowance of interest. The calculation of interest must be based upon the elapsed time between the dates of payment and the date of final settlement between the parties, pursuant to the finality of judgment herein, computed at the legal rate. We can foresee no reasonable basis for disagreement as to the adjustment of this item.
For the reasons assigned the original judgment of this court as rendered on January 9, 1964, is set aside and annulled, and,
IT IS NOW ORDERED, ADJUDGED AND DECREED that the judgment appealed from be and it is hereby amended by reducing the amount awarded in favor of defendant from the principal sum of Ninety-Two Thousand Three Hundred Four and 05/100 ($92,304.50) Dollars, to the amount of Thirty-Three Thousand Two Hundred Thirty-nine and No/100 ($33,239.00) Dollars.
*583 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that interest at the legal rate of 5% from the respective due dates thereof be adjusted by the parties as of the date of settlement in accordance with this judgment.
As amended the judgment appealed from is affirmed and the cost of this appeal is taxed against defendant-appellee.